UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADFORD ROSS,

        Plaintiff,

Case No. 1:09-cv-531

Hon. Robert J. Jonker

v.

UNKNOWN DUBY, *et al.*,

        Defendants.
_____/

**ORDER**

Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on plaintiff's motion for summary judgment (docket no. 20).

Plaintiff's motion appears to seek either summary judgment or a default judgment, on the ground that defendants failed to file a timely response to his complaint. This motion is not properly before the court. Plaintiff is advised that this court grants relief to litigants through properly filed motions which: must be in writing unless made during a hearing or trial; state with particularity the grounds for seeking the order; and, state the relief sought. Fed. R. Civ. P. 7(b)(1). All motions filed in this court must be accompanied by a supporting brief, which "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies." W.D. Mich. LCivR 7.1(a). A pro se litigant is required to follow the rules of civil procedure and easily-understood court deadlines, and assumes all of the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000); *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999).

Experience has taught the court that adherence to procedural requirements is the best guarantee of evenhanded administration of the law. *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Plaintiff has failed to file a brief as required by court rules. For this reason, plaintiff's motion will be denied.[1]

Accordingly, plaintiff's motion (docket no. 18) is **DENIED** as improperly filed.

**IT IS SO ORDERED.**

Dated:  July 23, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

---

[1] Even if plaintiff had properly filed this motion, he would not be entitled to the requested relief. The court granted defendants an extension of time until October 12, 2009, to file a response to plaintiff's complaint.  *See* docket no. 17.  Defendants subsequently filed a timely motion for summary judgment on October 12, 2009.  *See* docket no. 18.