UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADFORD ROSS,

    Plaintiff,

CASE NO. 1:09-CV-531

v.

HON. ROBERT J. JONKER

UNKNOWN DUBY, *et al.*,

    Defendants.

_____/

## **ORDER APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 31) and Plaintiff's Objections to it (docket # 32). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motion for summary judgment (docket # 18) be granted and that the case be dismissed. Plaintiff raises a number of

objections, but none of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court orders that Defendants' motion for summary judgment be granted.

The Magistrate Judge correctly observed that the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires a prisoner to exhaust all administrative remedies prior to filing a § 1983 claim. Plaintiff did not do so, as he filed the complaint prior to receiving the "Third Step Grievance Response," as required by the Michigan Department of Corrections (MDOC). Now that the MDOC has responded to Plaintiff's Step III grievance, Plaintiff's administrative remedies have been exhausted. Regardless, the Court must dismiss Plaintiff's claim, as Plaintiff cannot perfect the exhaustion requirement during the pendency of his case. *See Roberts v. Lamanna*, 45 Fed. App'x 515 (6th Cir. 2002) (plaintiff "cannot exhaust [administrative] remedies during the pendency of the action"); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Wyatt v. Leonard*, 193 F.3d 876, 878-79 (6th Cir. 1999); *Boles v. Overton*, 396 F. Supp. 2d 808, 809 (E.D. Mich. 2005) ("As exhaustion of internal remedies is a *precondition to filing* an action in federal court, the Sixth Circuit has held that a prisoner cannot satisfy Section 1997e by exhausting administrative remedies during the pendency of the federal suit.") (emphasis in original).

The Court no longer has discretion to waive the exhaustion requirement. *Wyatt*, 193 F.3d at 879. Further, the "substantial compliance" doctrine does not apply here, as Plaintiff's claims arose long past the enactment of the PLRA. *See Brock v. Kenton Cty.*, 93 Fed. Appx. 793, 799 (6th Cir. 2004) ("We have allowed substantial compliance only in the limited circumstance where the events giving rise to the prisoner's claim occurred prior to the effective date of the PLRA."). In cases where the district court, including the magistrate, have not addressed the merits of the claim, the proper approach is to dismiss without prejudice. *Thaddeus-X v. Wozniak*, 2000 WL 712383 (6th Cir. 2000).

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed July 23, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendants Duby and Martin (docket # 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated: September 17, 2010   /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE